UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE S. MONTGOMERY,<br><br>    Plaintiff,<br><br>vs.<br><br>I. SANCHEZ, *et al.*,<br><br>    Defendants. | Case No. 1:13-cv-00247-RRB<br><br>**ORDER REGARDING**<br>**MOTION AT DOCKETS 22, 24** |

**I.    PENDING MOTIONS/BACKGROUND**

Defendants H. B. Smith and S. W. Duncan filed a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b) for failure to properly exhaust all available administrative remedies,[1] which is not yet ripe for decision.  At **Docket 22** Plaintiff Dwayne S. Montgomery moved for an Order to instruct the Marshal's Service to serve Defendant I. Sanchez.  Subsequently, Defendant I. Sanchez filed his answer to the complaint.[2]  At **Docket 24** Montgomery moved for an additional 60 days within which to file his opposition to the Smith/Duncan motion to dismiss.

---

    [1]    Docket 17.

    [2]    Docket 23.

ORDER REGARDING MOTIONS AT DOCKETS 22, 24
*Montgomery v Sanchez*, 1:13-cv-00247-RRB – 1

## II.     APPLICABLE STANDARD OF REVIEW

Defendants Smith and Duncan brought their motion under "unenumerated Rule 12(b)."  The Ninth Circuit recently held that the appropriate procedure is a motion for summary judgment under Federal Rule of Civil Procedure 56.[3]  Although the Ninth Circuit eschewed the use of Rule 12(b) in *Albino*, it did not materially alter the standard under which the courts addressed the matter under *Wyatt*.  Accordingly, notwithstanding that it was brought under an improper rule, in the interests of efficient judicial administration the Court will nonetheless treat the motion brought by Smith and Duncan as having been brought under Rule 56, and apply the relevant standards.

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[4]  Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[5]  In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine

---

[3]     *Albino v. Baca*, __ F3d ___, ___, 2014 WL 1317141 at *4–5  (9th Cir. Apr. 3, 2014) (en banc) (overruling in part *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)).

[4]     Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[5]     Fed. R. Civ. P. 56(e).

issue for trial.[6] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. In order to show that a genuine issue of material fact exists a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[7] Material facts are those which may affect the outcome of the case.[8] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[9] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[10] The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[11] The moving party has the burden of showing there is no genuine issue of material fact; therefore, he bears the burden of both production and persuasion.[12] The moving party, however, has no burden to negate or disprove matters on which the non-moving party will

---

[6] *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

[7] *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–49 (1986).

[8] *Id*.

[9] *Id*.

[10] *Id*. at 255.

[11] *Id.*

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.[13] There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[14]

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.[15] Instead, it generally accepts as true statements made under oath.[16]

### III.  DISCUSSION/ORDER

Defendant I. Sanchez having made his appearance in this action, Plaintiff's motion requesting service is rendered moot.

Plaintiff has also noted that, inasmuch as Sanchez has now been served, it would be appropriate to permit Sanchez the opportunity to join in the Smith/Duncan motion. The Court agrees. Accordingly, in the interests of justice and judicial efficiency, the Court will grant sufficient time for Sanchez to join the pending motion and permit Plaintiff to respond accordingly. Therefore,

1. The Motion for service at **Docket 22** is **DENIED** as moot.
2. The Motion for an extension of time at **Docket 24** is **GRANTED** as follows:

---

[13] *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

[14] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[15] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[16] *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005).

(a) On or before **May 23, 2014**, Defendant I. Sanchez may file his joinder in the motion of Defendants Duncan and Smith at Docket 17; and

(b) Plaintiff may file his opposition to the motions not later than **June 23, 2014**.

**IT IS SO ORDERED** this 22nd day of April, 2014.

S/ RALPH R. BEISTLINE  
UNITED STATES DISTRICT JUDGE