UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE S. MONTGOMERY,<br><br>      Plaintiff,<br><br>vs.<br><br>I. SANCHEZ, *et al.*,<br><br>      Defendants. | Case No. 1:13-cv-00247-RRB<br><br>**ORDER REGARDING**<br>**MOTION AT DOCKET 36** |

At **Docket 36** Plaintiff Dwayne S. Montgomery, a state prisoner appearing *pro se*, filed an untitled document in which he requested this Court appoint counsel. Generally, a state prisoner has no right to counsel in civil actions.[1]

> However, a court may under exceptional circumstances appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved. Neither of these considerations is dispositive, instead they must be viewed together.[2]

The availability of *pro bono* counsel to represent indigent prisoners is limited.[3] While this Court is not unmindful of the value of the assistance of counsel, both to Plaintiff and

---

    [1]    *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981) (holding that there is no constitutional right to appointed counsel for § 1983 claims).

    [2]    *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citations and internal quotation marks omitted).

    [3]    In his filing Montgomery acknowledges that his own efforts to obtain counsel on a *pro bono* basis have been unsuccessful.

the Court itself, this is not a case in which it is necessary to appoint counsel. To the extent Montgomery's action survived initial screening it is an Eighth Amendment unnecessary force/failure to protect claim. As such, it is primarily fact-driven, not a matter involving complex legal issues. To the extent that Montgomery seeks the assistance of counsel in conducting pre-trial discovery, the problems he describes are inherent in any action brought by a prisoner.

Accordingly, the request for appointment of counsel at **Docket 36** is **DENIED**.

**IT IS SO ORDERED** this 27th day of June, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

ORDER REGARDING MOTION AT DOCKET 36
*Montgomery v Sanchez*, 1:13-cv-00247-RRB – 2