UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE S. MONTGOMERY,<br><br>        Plaintiff,<br><br>vs.<br><br>I. SANCHEZ, *et al.*,<br><br>        Defendants. | Case No. 1:13-cv-00247-RRB<br><br>**ORDER REGARDING**<br>**MOTIONS AT DOCKETS 34, 35** |

        Pending before this Court are two motions filed by Plaintiff Dwayne S. Montgomery, a state prisoner appearing *pro se*, being held in Administrative Segregation ("Ad-Seg") at the California State Prison–Sacramento ("CSP–Sac").

        At **Docket 34** Montgomery filed a document entitled "*Ex Parte* Application for a Preliminary Injunction to Compel Prison Officials to Produce and Return Plaintiff's Legal Material and Typewriter."

        At **Docket 35** Montgomery filed a document entitled "Plaintiff's Second Request for Extension of Time to File Opposition to Defendants Motion for Summary Judgment."

        In support of his motions, Montgomery alleges that the officials at CSP–Sac have refused him access to his legal documents, books, letters, and typewriter, including a memory file containing most of his opposition documents.  Montgomery further contends that prison officials will not issue him essential pleading paper and are denying him access to the law library.

The record reflects that Defendants S.W. Duncan and H. B. Smith filed their motion to dismiss on March 28, 2014.[1] On April 16, 2014, Montgomery requested an extension of 60 days within which to respond to the motion.[2] On April 22, 2014, the Court extended Montgomery's time to respond to the motion through June 23, 2014.[3]

This Court is concerned by the allegations concerning the refusal of prison officials at CSP–Sac to permit prisoners in Ad-Seg access to legal documents and materials necessary to pursue actions brought in the courts. As demonstrated by the motions in this case, this refusal not only imposes an additional burden on the courts, it interferes with the efficient and timely resolution of the proceedings. That being said, however, the only parties properly before this Court are the correctional officers employed at a correctional facility other than the one at which Montgomery is presently held. It is plainly obvious that, even if ordered to do so, the Defendants lack the ability or authority to provide the relief Montgomery requests. The prison officials with the necessary ability and authority are not parties to this action subject to the jurisdiction of this Court. As a result any order this Court may enter would not provide any effective relief to Montgomery. Thus, this Court lacks jurisdiction to issue the injunction.[4]

---

[1]     Docket 17.

[2]     Docket 24.

[3]     Docket 25.

[4]     *See, e.g., Doe No. 1 v. Reed*, 697 F.3d 1235, 1238 (9th Cir. 2012),

Finally, the facts presented by Montgomery, in particular the denial of access to his legal papers, show sufficient good cause to grant him additional time within which to file his opposition to Defendants' motion for summary judgment.

Accordingly, it hereby ORDERED as follows:

1.      The *Ex Parte* Application for a Preliminary Injunction to Compel Prison Officials to Produce and Return Plaintiff's Legal Material and Typewriter at **Docket 34** is **DENIED**.

2.      Plaintiff's Second Request for Extension of Time to File Opposition to Defendants Motion for Summary Judgment at **DOCKET 35** is **GRANTED**.  Plaintiff Dwayne S. Montgomery is granted through and including **July 31, 2014**, within which to serve and file his opposition to the Defendants' Motion at Docket 17.

**IT IS SO ORDERED** this 27th day of June, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE