UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE S. MONTGOMERY,<br><br>        Plaintiff,<br><br>vs.<br><br>I. SANCHEZ, *et al.*,<br><br>        Defendants. | Case No. 1:13-cv-00247-RRB<br><br>**ORDER DENYING MOTION TO<br>DISMISS COMPLAINT AT DOCKET 17** |

## I.    PENDING MOTION

At **Docket 17** Defendants H. B. Smith and S. W. Duncan filed a Motion to Dismiss Complaint under Federal Rule of Civil Procedure 12(b) for failure to properly exhaust all available administrative remedies.[1] Defendant I. Sanchez has joined in that motion.[2] Plaintiff Dwayne S. Montgomery has opposed the motion[3] and Defendants have replied.[4] Defendants Duncan and Smith have also objected to certain evidentiary materials

---

[1]    The Court ordered the motion be treated as a motion for summary judgment brought under Fed. R. Civ. P. 56 as required by *Albino v. Baca*, 747 F3d 1162, 1168–71 (9th Cir. 2014) (en banc), *cert. pending*, (overruling in part *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003)) [Docket 25].

[2]    Docket 32.

[3]    Dockets 39 and 40.  Docket 40 is an exact copy of Docket 39 containing the original exhibits.

[4]    Dockets 45 (Duncan and Smith), 46 (Sanchez), and 47 (Sanchez joinder in Duncan and Smith Reply).

submitted by Montgomery.[5] The matter is submitted on the moving and opposing papers without oral argument.[6]

## II.   APPLICABLE LAW

### A.   *Standard of Review*

Summary judgment is appropriate if, when viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment in its favor as a matter of law.[7] Support and opposition to a motion for summary judgment is made by affidavit made on personal knowledge of the affiant, depositions, answers to interrogatories, setting forth such facts as may be admissible in evidence.[8] In response to a properly supported motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue for trial.[9] The issue of material fact required to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its

---

[5]    Docket 48. The Court agrees with Defendants that to a significant extent the materials submitted by Montgomery in his opposition are either irrelevant to the issue presented by the motion, or not properly authenticated, or both. In the interests of justice and in recognition of Montgomery's status as a *pro se* prisoner, however, where the materials submitted in opposition are relevant to the narrow issue presented by the pending motion, this Court will take them into consideration in making its ruling.

[6]    L.R. 230(l)

[7]    Fed. R. Civ. P. 56(c); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (*en banc*); *Taylor v. List*, 880 F.2d 1040, 1044 (9th Cir. 1989).

[8]    Fed. R. Civ. P. 56(e).

[9]    *Id.*; *Henderson v. City of Simi Valley*, 305 F.3d 1052, 1055–56 (9th Cir. 2002).

*Montgomery v Sanchez*, 1:13-cv-00247-RRB – 2

existence; all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial. In order to show that a genuine issue of material fact exists, a nonmoving plaintiff must introduce probative evidence that establishes the elements of the complaint.[10] Material facts are those which may affect the outcome of the case.[11] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party.[12] "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he is ruling on a motion for summary judgment."[13] The evidence of the non-moving party is to be believed and all justifiable inferences are drawn in his favor.[14] The moving party has the burden of showing there is no genuine issue of material fact; therefore, he bears the burden of both production and persuasion.[15] The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only point out to the Court that there is an absence of evidence to support the non-moving party's case.[16] There is no

---

[10]    *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248–49 (1986).

[11]    *Id*.

[12]    *Id*.

[13]    *Id*. at 255.

[14]    *Id.*

[15]    *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323 (1986).

[16]    *Sluimer v. Verity, Inc.*, 606 F.3d 584, 586 (9th Cir. 2010); *see Celotex*, 477 U.S. at 325.

genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion.[17]

In general, in ruling on a motion for summary judgment, a court may not weigh the evidence or judge the credibility of witnesses.[18] Instead, it generally accepts as true statements made under oath.[19]

### B.    *Exhaustion*

Exhaustion of administrative remedies prior to bringing suit is required irrespective of the relief sought by the prisoner and regardless of the relief provided by the process.[20] Although not jurisdictional, exhaustion is nonetheless mandatory and there is no discretion to excuse it.[21]

"Proper exhaustion" means "complet[ing] the administrative review process in accordance with the applicable rules."[22]  "The level of detail necessary in a grievance to

---

[17]    *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

[18]    *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[19]    *Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005); *see Williams v. Calderon,* 48 F. Supp. 2d 979, 989 (C.D. Cal. 1998) (noting in the context of a habeas claim "[t]he Court is not to determine issues of credibility on a motion for summary judgment; instead, the truth of each party's affidavits is assumed"), *aff'd sub nom. Williams v. Woodford,* 384 F.3d 567 (9th Cir. 2004).

[20]    42 U.S.C. § 1997e(a) (mandating that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted."); *Booth v. Churner*, 532 U.S. 731, 742 (2001).

[21]    *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

[22]    *Jones v. Bock,* 549 U.S. 199, 218 (2007).

comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."[23] However, a prisoner is only required to exhaust *available* remedies.[24] "To be available, a remedy must be available as a practical matter, i.e., capable of use; at hand."[25] Although all available remedies must be exhausted, "those remedies need not meet federal standards, nor need they be plain, speedy and effective."[26] "For prisons . . . that do not instruct prisoners on what precise facts must be alleged in a grievance, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought."[27]

A defendant has the initial burden to prove "that a grievance procedure existed, and the prisoner did not exhaust that available remedy."[28] California provides a three-level procedure for processing prisoner grievances.[29] Once a defendant has met this burden,

---

[23]     *Id.*

[24]     *Booth*, 532 U.S. at 736.

[25]     *Albino*, 747 F3d at 1171 (quoting *Brown v. Valoff*, 422 F.3d 926, 936–37 (9th Cir. 2005) (internal quotation marks omitted)).

[26]     *Porter*, 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739 (internal quotation marks omitted)).

[27]     *Akhtar v. Mesa*, 698 F.3d 1202, 1211 (9th Cir. 2012) (internal citations and quotation marks omitted).

[28]     *Albino*, 747 F.3d at 1172.

[29]     Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted.  All lower level reviews are subject to modification at the third level of review.").  Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or by a designated representative.

the burden shifts to the plaintiff to demonstrate that the grievance procedure was inadequate, ineffective, unobtainable, unduly prolonged, inadequate, or futile.[30]  A plaintiff may also show that he or she should be excused from the exhaustion requirement for reasons beyond plaintiff's control.[31]

## III.   NATURE OF ACTION/ADMINISTRATIVE PROCEEDINGS

After screening, the Court determined that Montgomery properly pleaded two claims:  (1) an Eighth Amendment failure to protect as against Defendants Smith and Duncan; and (2) an Eighth Amendment excessive force claim against Defendants Smith and I. Sanchez.

The incident complained of occurred while Montgomery was incarcerated at Kern Valley State Prison ("KVSP").  Montgomery alleges that for some time prior to August 14, 2010, he had on several occasions informed Defendants Smith and Duncan of serious problems between Montgomery and his cell-mate that placed Montgomery in fear for his safety.  Montgomery requested a cell change, which was denied. On August 14 Montgomery's cell-mate attacked Montgomery causing him serious injury, for which Montgomery required medical treatment.  Shortly thereafter Defendant Sanchez returned

---

[30]     *Albino*, 747 F.3d at 1172.

[31]     *See, e.g., Sapp v. Kimball*, 623 F.3d 813, 823–24 (9th Cir. 2010) (failure to reach the merits for reasons inconsistent with or unsupported by the applicable regulations); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (excusing a prisoner's failure to exhaust where the prisoner is prevented from doing so); *Marella v. Terhune*, 568 F.3d 1024, 1027–28 (9th Cir. 2009) (inmate did not have access to the necessary grievance forms within the prison's time limits for filing a grievance).

to the cell and sprayed Montgomery in the face with Oleoresin Capscum ("pepper spray"). Later Defendant Smith also sprayed Montgomery with pepper spray.

As relevant to the issue before the Court, the records of the California Department of Corrections and Rehabilitation ("CDCR") provided by Defendants indicates that on March 10, 2011, after he was transferred from KVSP to California State Prison–Los Angeles County ("CSP-LAC"), Montgomery filed a CDC 602 raising the issue presented in his complaint that was cancelled out at the second level of review because the time limits for submission had not been met. Due to the nature of the appeal, however, an inquiry into the alleged staff misconduct was made. On August 9, 2011, Montgomery appealed from the cancellation of his March 10 CDC 602, which was rejected at the first level because it was improperly submitted with dividers and tabs. Montgomery did not pursue this matter any further at any level.[32] Montgomery does not dispute that this constitute the complete record of his administrative appeals actually processed during that time frame.[33]

As relevant to the exhaustion question as it relates to the issues in this lawsuit, Montgomery relies on a CDC 602 dated August 23, 2010. In that document, in addition to

_____

[32] That record also reflects five non-health care appeals filed by Montgomery between the date of the incident and the date Montgomery filed his complaint in this case. These are not relevant to the issues presented.

[33] Montgomery also refers to problems and delays he encountered in processing his CDC 602s after his transfer to CSP–LAC.  These are also irrelevant to the issue of whether or not he properly exhausted, or was excused from exhausting, his administrative remedies arising out of the August 2010 incident while incarcerated at KVSP.

ORDER DENYING MOTION AT DOCKET 17
*Montgomery v Sanchez*, 1:13-cv-00247-RRB – 7

describing the incident forming the basis for this lawsuit, Montgomery requested an internal affairs investigation, a transfer to a location where he was not subject to further abuse by Sanchez, and monetary compensation for the injuries he suffered. Montgomery claims that, contrary to the prison records, he submitted that CDC 602 within the 15-day window provided by the regulations, but it "was intercepted and destroyed by colleagues of defendants, which was an admission stated by defendant Sanchez." Montgomery further contends that he was "accosted by both Duncan and Sanchez, making reference to the complaint filed by plaintiff, but, never reaching its intended destination." From that, according to Montgomery, "[i]t can easily be construed that they, directly, or indirectly, impeded plaintiff from having an available administrative remedy to exhaust."[34] These contentions are not controverted by Defendants.

Also, according to Montgomery, he mailed his personal copy of the CDC 602 to an attorney, Diane Owens, in September 2010 as a safety precaution because he feared reprisals from Defendant Sanchez.[35]

## IV.   DISCUSSION

This Court agrees with Defendants that the official records of CDCR clearly show that, with respect to the issues presented, Montgomery has not properly exhausted his

---

[34]      Docket 39 at pp. 9–10.

[35]      Montgomery also attached a copy of a hand-written declaration ostensibly made by the attorney supporting this contention [Docket 39, p. 28]. The Court notes that the purported declaration: (1) does not contain the signature page; and (2) is handwritten with language that  makes it highly unlikely that it was either written, or signed, by the purported declarant.

administrative remedies. That is not, however, the end of the matter. Montgomery has affirmatively alleged facts that, if accepted as true, excuse the exhaustion requirement.[36] Applying the standards applicable to ruling on a motion for summary judgment, coupled with the latitude this Court must accord to Montgomery as a *pro se* prisoner, Defendants' motion for summary judgment must be denied.

## V.     ORDER

For the foregoing reasons, the Motion of  Defendants to Dismiss Complaint at **Docket 17** is **DENIED** without prejudice.

Upon the motion of either party, the Court will decide the disputed factual issues related to exhaustion at the time set for trial prior to impaneling the jury.[37] At that hearing, Montgomery bears the burden of proof by competent, relevant testimonial or documentary evidence that he was prevented by circumstances beyond his control from exhausting his administrative remedy.[38] Testimonial evidence, other than by a witness testifying at the hearing, must be in the form of a sworn affidavit. This Court will *not* consider testimonial evidence, other than the authentication of documents, submitted in the form of a

---

[36]     *See Nunez*,  591 F.3d at 1224.

[37]     *See Albino*, 747 F.3d at 1170–71 ("If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge, in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue").

[38]     Defendants have met their threshold burden of establishing that Montgomery did not use an existing and generally available administrative remedy. Thus, "the onus [fell] on the plaintiff to show that [these] remedies were unavailable to him as a result of intimidation by prison officials."  *Id.* at 1172 (alterations in the original) (internal quotation marks and citations omitted).

declaration made under penalty of perjury. Any reference made to, or incorporating, a pleading or other paper filed with the Court in this case must include the Docket number and page to which reference is made.

  **IT IS SO ORDERED** this 11th day of August, 2014.

        S/ RALPH R. BEISTLINE
        UNITED STATES DISTRICT JUDGE