UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DWAYNE S. MONTGOMERY, | Case No. 1:13-cv-00247-RRB |
| Plaintiff, | |
| vs. | **ORDER REGARDING MOTIONS AT DOCKETS 54, 55** |
| I. SANCHEZ, *et al.*, | |
| Defendants. | |

At **Docket 54** Defendants S. W. Duncan and H. B. Smith filed a Motion for Reconsideration of Order Denying Defendants' Motion to Dismiss Complaint. Defendant I. Sanchez has joined that motion.[1] At **Docket 55** Plaintiff Dwayne S. Montgomery, a state prisoner appearing *pro se*, filed a Motion for an Order to Compel Defendants to File an Answer to Complaint. The Court has determined that requiring a response from the opposing parties would not materially assist the Court in determining the issues raised in the motions, and further delay in joining the issues would serve no purpose other than a further delay. Therefore, the motions are submitted for decision on the motions without a response.

As relevant to the pending motions, the record reflects the following sequence of events:

---

[1] Docket 53.

August 12, 2014 – The Court entered its Order denying the motion of Duncan and Smith to dismiss the complaint.[2]

September 9, 2014 – Defendants filed the pending motion for reconsideration.

Under the rules, Smith and Duncan had 14 days within which to serve and file their responsive.[3] Thus, the time within which Defendants Duncan and Smith had to serve and file their answer to the Complaint expired **August 28, 2014**. Smith and Duncan did not file an answer or other responsive pleading with the time specified. Instead, Smith and Duncan waited another 12 days to file their motion for reconsideration, not a responsive pleading.

Federal Rule Civil Procedure 59 governs post-judgment motions to amend judgment or for new trial, not interlocutory orders. If the court enters an interlocutory order without entering a final judgment, e.g., an order granting summary judgment but no final judgment is entered under Federal Rule Civil Procedure 54, Rule 59 does not apply.[4] However, as long as a district court retains jurisdiction over a case, it has inherent power to reconsider and modify an interlocutory order for sufficient cause.[5] That inherent power is not unfettered: a court may depart from the law of the case doctrine where: "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening

---

[2] Docket 49.

[3] Fed. R. Civ. P. 12(a)(4)(A).

[4] *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000). For entry of a partial judgment *see* Fed. R. Civ. P. 54(b); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ., §2715 (3d ed.).

[5] *City of Los Angeles, Harbor Div. v. Santa Monica*, 254 F.3d 882, 885 (9th Cir. 2001).

controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial."[6] In this case, the sole provision that might be applicable is that the decision was clearly erroneous and enforcement would result in a manifest injustice.

With respect to Rule 60(b)(6), that rule is limited to "extraordinary circumstances."[7] The circumstances raised by Defendants are anything but "extraordinary." Moreover, Rule 60(b) by its very terms limits relief from "a final judgment, or proceeding." The Order in question was unquestionably not a "final" order.

The Court, having reviewed the motion, has determined that Defendants have not raised any new matter or presented any new fact(s) that would support a different decision upon reconsideration. Specifically, they have not shown that this Court's decision was either clearly erroneous or would work a manifest injustice. What Duncan and Smith overlook is the basis for denying their motion, i.e., the claim by Montgomery that he timely submitted a CDCR 602 that was intercepted and destroyed by colleagues of the Defendants.[8] As the Court noted, these allegations were not controverted by Defendants and, if accepted as true, would excuse the exhaustion requirement. The Court has considered the arguments raised by Defendants and finds them unpersuasive.

---

[6] *Jeffries v. Wood,* 114 F.3d 1484, 1489 (9th Cir. 1997) (en banc) (footnote and internal quotation marks omitted); *see Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir. 1995); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[7] *Gonzalez v. Crosby*, 545 U.S. 524, 528–29 (2005); *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013).

[8] Docket 49, pp. 7–8.

ORDER REGARDING MOTIONS AT DOCKETS 54, 55
*Montgomery v Sanchez*, 1:13-cv-00247-RRB – 3

Accordingly, the Motion for Reconsideration of Order Denying Defendants' Motion to Dismiss Complaint at **Docket 54** filed by Defendants S. W. Duncan and H. B. Smith is **DENIED**.

Plaintiff's Motion for an Order to Compel Defendants to File an Answer to Complaint at **Docket 55** is **GRANTED**. Defendants S. W. Duncan and H. B. Smith must serve and file an Answer to the Second Amended Complaint on or before **September 29, 2014**. If Defendants S. W. Duncan and H. B. Smith fail to serve and file an answer by the date specified, the Court will enter the default upon the request of Plaintiff without further notice to Defendants.

**IT IS SO ORDERED** this 12th day of September, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE
