UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DWAYNE S. MONTGOMERY,

      Plaintiff,

vs.

I. SANCHEZ, *et al.*,

      Defendants.

Case No. 1:13-cv-00247-RRB

**ORDER DENYING MOTION
AT DOCKET 60**

At **Docket 60** Plaintiff Dwayne S. Montgomery filed a motion to compel Defendants

to make available for examination and copying numerous documents. The Court, having

examined the motion, has determined that it is both premature and more likely than not without

merit.

First, it does not appear that Montgomery has sought production from the Defendants

as provided for in the Federal Rules of Civil Procedure.[1] Furthermore, Montgomery has failed

to show compliance with the predicate for bringing a motion to compel discovery.[2]

Second, the documents sought to be produced, which encompass practically every

grievance/complaint ever filed against Defendants, are unquestionably objectionable as being

overly broad, unduly burdensome, of questionable relevance to the issues presented in

---

[1]      Fed. R. Civ. P. 34.

[2]      *See* Fed. R. Civ. P. 37(a).

Montgomery's Complaint, and not reasonably calculated to lead to the discovery of admissible evidence.[3] The fact that other inmates have lodged similar charges against the Defendants is not necessarily probative of the issue of whether Defendants subjected Montgomery to the treatment alleged in his complaint. Furthermore, evidence of prior bad acts is inadmissible if offered solely for the purpose of proving character of a person in order to show that person acted in conformity therewith, *i.e.*, "propensity" evidence; it is admissible only if offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[4]  Nor is the request limited to those instances in which the inmates' claims were substantiated; unsubstantiated claims have no probative value.[5] Montgomery's contention that the information is relevant for impeachment purposes assumes that Montgomery would be permitted to inquire into the allegations of misconduct made by other inmates, whether or not substantiated. Which, as noted above, is an unwarranted assumption. Simply put, this Court is not inclined to allow Montgomery to engage in what may be aptly termed akin to searching for the proverbial needle in a haystack.[6]

---

[3]     Fed. R. Civ. P. 26(b).

[4]     *Boyd v. City and County of San Francisco*, 576 F.3d 938, 946–47 (9th Cir. 2009); *see* Fed. R. Evid. 404(b) (evidence of wrongs or other acts); *cf.* Fed. R. Evid. 403 (governing the exclusion of otherwise relevant evidence for prejudice, confusion, or waste of time).

[5]     *See Sibrian v. City of Los Angeles*, 288 Fed. Appx. 385, 387 (9th Cir. 2008) (unpublished).

[6]     The Court notes that It is highly unlikely that any of the documents sought by Montgomery in his motion to compel either (1) fall within the scope of Rule 404(b)(2) or (2) (continued...)

Montgomery is reminded that, while this Court generally accords wide latitude to *pro se* parties, *pro se* parties must none-the-less follow the applicable rules of practice and procedure.[7] In cases such as this involving the application of federal law, this Court follows the federal rules of practice and procedure,[8] including the admissibility of evidence,[9] not the rules governing actions in California state courts.

Accordingly, the Notice of Motion for Discovery: Pitchess Motion Pertaining to Defendants Sanchez, Smith, and Duncan at **Docket 60** is **DENIED**.

**IT IS SO ORDERED** this 8th day of October, 2014.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[6](...continued)
contain otherwise relevant admissible evidence.

[7]    *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (overruled in part on other grounds in *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (en banc)).

[8]    *See Kohlrautz v. Oilmen Participation Corp.*, 441 F.3d 827, 830–32 (9th Cir. 2006).

[9]    *Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995).