UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DWAYNE S. MONTGOMERY, | Case No. 1:13-cv-00247-RRB |
| Plaintiff, | |
| vs. | **ORDER GRANTING MOTION** |
| I. SANCHEZ, *et al.*, | **AT DOCKET 58** |
| Defendants. | |

At **Docket 58** Defendants S. W. Duncan and H. B. Smith moved for an evidentiary hearing to on the disputed factual issues related to exhaustion. Defendant I. Sanchez has joined that motion.[1] The pending motion responds to the Court's prior Order Denying Motion to Dismiss Complaint.[2] Accordingly, for good cause shown, the Motion for Evidentiary Hearing to Resolve Disputed Factual Issues Related to Exhaustion at **Docket 58** is **GRANTED**.

1. The Court will hold an evidentiary hearing on Defendant's Motion to Dismiss the Complaint at Docket 17 for failure to exhaust administrative remedies on the first date set for trial in this matter prior to empaneling the jury.

2. Not later than **forty-nine (49) days** prior to the date set for trial in the trial setting order to be issued by the Court, Defendants S. W. Duncan, H. B. Smith, and I. Sanchez must serve and file:

---

[1] Docket 59.

[2] Docket 49.

ORDER GRANTING MOTION AT DOCKET 58
*Montgomery v Sanchez*, 1:13-cv-00247-RRB – 1

(a) a list of all witnesses by name and occupation or title, expected to be called at the hearing, including the a short description of the testimony expected to be elicited from each such witness;

(b) an exhibit list, including copies of all exhibits expected to be introduced;

(c) the declaration(s) or affidavit(s) of person(s) who are not expected to be called as witness(es) at the hearing; and

(d) a memorandum of law, not to exceed ten (10) pages, setting forth the points and authorities relied upon.

3. Not later than **twenty-eight (28) days** prior to the date set for trial in the trial setting order to be issued by the Court, Plaintiff Dwayne S. Montgomery must serve and file:

(a) a list of all witnesses by name and occupation or title, expected to be called at the hearing, including the a short description of the testimony expected to be elicited from each such witness;

(b) an exhibit list, including copies of all exhibits expected to be introduced;

(c) the declaration(s) or affidavit(s) of person(s) not expected to be called as witness(es) at the hearing;

(d) all objections to the admission of any exhibit identified by Defendants or testimonial evidence proffered by declaration or affidavit—***any objection not so raised will be deemed waived***; and

(e) a memorandum of law, not to exceed ten (10) pages, setting forth the points and authorities relied upon.

4. Not later than **fourteen (14) days** prior to the date set for trial in the trial setting order to be issued by the Court, Defendants S. W. Duncan, H. B. Smith, and I. Sanchez must serve and file:

(a) a list of all rebuttal witnesses by name and occupation or title, expected to be called at the hearing, including the a short description of the testimony expected to be elicited from each such witness; and

(b) any objections to the admission of any exhibit identified by Plaintiff or testimonial evidence proffered by declaration or affidavit—*any objection not so raised will be deemed waived*.

5. Anything in this Order to the contrary notwithstanding, any document offered into evidence may be authenticated by the declaration or affidavit of the originator or custodian of the record.[3]  *It is not necessary that the originator or custodian of the record be present to testify in person.  All exhibits that are accompanied by the declaration or affidavit of the originator or custodian of the record will be admitted into evidence except to the extent the exhibit is not otherwise admissible under the Federal Rules of Evidence.*

*Plaintiff is reminded that he bears the burden of proof by competent, relevant evidence that he was prevented by circumstances beyond his control from exhausting his administrative remedy*.

**IT IS SO ORDERED** this 11th day of March, 2015.

S/ RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[3] *See, e.g.,* Fed. R. Evid. 901(b)(1), 902(4), (11).