# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE S. MONTGOMERY, | Case No. 1:13-cv-00247-LJO-DLB (PC) |
| Plaintiff, | ORDER REGARDING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS |
| v. | |
| I. SANCHEZ, | (Document 102) |
| Defendant. | |

Plaintiff Dwayne S. Montgomery, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 19, 2013. This action for damages is proceeding against Defendant I. Sanchez ("Defendant") for excessive force in violation of the Eighth Amendment. An evidentiary hearing is set for October 7, 2015, to determine the remaining exhaustion issue: whether Plaintiff submitted a CDCR 602 within the 15-day window provided by the regulations, and whether it "was intercepted and destroyed by colleagues" of Defendant.

On September 17, 2015, Plaintiff filed a motion requesting the attendance of Inmate Johnny Lee. Plaintiff does not know his CDCR number or location.

## **DISCUSSION**

In determining whether to grant Plaintiff's motions for the attendance of his proposed witness, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's

presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995).

Plaintiff requests the attendance of Johnny Lee, his cellmate during the time he alleges that Defendant Sanchez came to his cell and referenced the destruction of Plaintiff's complaints. Plaintiff believes that Inmate Lee heard the conversation and can support his version of events.

However, according to Plaintiff's February 26, 2015, deposition testimony, Plaintiff is not certain that Inmate Lee overheard the entire conversation.  He states that he believes that Inmate Lee heard the conversation "because he was in the cell with [Plaintiff] as [he] was addressed at the door." ECF No. 102, at 7.  Plaintiff testified that Inmate Lee asked "what was that all about," and he acknowledged that this question may suggest that Inmate Lee did not hear the entire conversation. ECF No. 102, at 7-8.  Indeed, Plaintiff admitted that he does not know whether Inmate Lee "paid specific attention to every word that was said. . ." ECF No. 107, at 9.

Under these circumstances, as well as the fact that Plaintiff has not presented the Court with any evidence that (1) Inmate Lee is willing to testify; or (2) the facts that he will testify to, the Court finds that Inmate Lee's presence will not substantially further the resolution of the exhaustion issue.  Plaintiff's motion for the attendance of Inmate Lee is therefore DENIED.[1]

IT IS SO ORDERED.

Dated:  **September 28, 2015**              /s/ *Dennis L. Beck*
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also requests that the Court permit Diane Owens to provide telephonic testimony during the hearing. However, Plaintiff has submitted her declaration to the Court, and the Court does not need further testimony to determine the authenticity of the declaration.